# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**VALENCIA RENA GARNER,**

      **Plaintiff,**

v.                                            **Case No: 6:17-cv-1455-Orl-18GJK**

**CENTRAL INTELLIGENCE AGENCY, CLAYTON COUNTY POLICE DEPARTMENT POLICE CHIEF JOSEPH WOODALL, COMMISSIONER OF SOCIAL SECURITY, SOCIAL SECURITY ADMINISTRATION and MORROW POLICE DEPARTMENT,**

      **Defendants.**

## REPORT AND RECOMMENDATION

The matter arises before the Court *sua sponte*. On August 7, 2017, Plaintiff filed a Complaint for Violation of Civil Rights (the "Complaint") asserting claims against: 1) the Central Intelligence Agency; 2) the Chief of Police of the Clayton County, Georgia Police Department; 3) the Commissioner of Social Security; and 4) a Social Security Administration employee who works in Morrow, Georgia. Doc. No. 1 at 2-3. In the Complaint, Plaintiff states that she lives in Decatur, Georgia. *Id.* at 2. Plaintiff also states that the events giving rise to her claims occurred in Morrow, Georgia and Jonesboro, Georgia. *Id.* at 4. Both cities are located in Clayton County, Georgia.

28 U.S.C. § 1391 provides that a civil action may only be brought in the judicial district where: 1) any defendant resides, if all defendants reside in the same state where the judicial district is located; 2) a substantial part of the events or omissions giving rise to the claim occurred; or 3)

the defendant is subject to the court's personal jurisdiction, if there is no judicial district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). 28 U.S.C. § 1406(a) provides that the Court must dismiss or transfer an action to an appropriate venue if it determines that the action was filed in the wrong judicial district. 28 U.S.C. § 1406(a).

Based on the Complaint's allegations, this case has no nexus with the Middle District of Florida. Plaintiff asserts claims against two federal agencies, the chief of a county police department located in Georgia, and a Social Security Administration employee who works in Georgia. Doc. No. 1 at 2-3. Furthermore, Plaintiff states that the events giving rise to her claims occurred in Clayton County, Georgia. *Id.* at 4. Thus, the undersigned finds that the Northern District of Georgia is the proper venue for this action. Accordingly, it is recommended that the case be transferred to the United States District Court for the Northern District of Georgia, Atlanta Division.[1]

Based on the foregoing, it is **RECOMMENDED** that the Court **TRANSFER** this case to the United States District Court for the Northern District of Georgia, Atlanta Division for further proceedings.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

---

[1] The Northern District of Georgia's local rules provide that actions from Clayton County, Georgia shall be docketed in the Atlanta Division. *See* Local Rules of the United States District Court for the Northern District of Georgia, Appendix A(I).

Recommended in Orlando, Florida on August 17, 2017.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy